1

2

3

# UNITED STATES DISTRICT COURT

4

## DISTRICT OF NEVADA

5

\* \* \*

6

Beverly B.,                                     Case No. 2:23-cv-01234-JAD-DJA

Plaintiff,

7                                                                 **Order**

v.

8

Social Security Administration,

9

Defendant.

10

11        Before the Court is Plaintiff Beverly B.'s motion for leave to proceed *in forma pauperis*.

12   (ECF No. 6).  Because the Court finds that Plaintiff has demonstrated an inability to prepay fees

13   and costs or give security for them, it grants the application.  However, because the Court finds

14   that Plaintiff's complaint has not met the basic requirements to satisfy screening, it dismisses her

15   complaint without prejudice and with leave to amend.  The Court finds these matters properly

16   resolved without a hearing.  LR 78-1.

17   **I.        Discussion.**

18            ***A.        The Court grants Plaintiff's* in forma pauperis *application.***

19        Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability

20   to prepay fees and costs or give security for them.  Plaintiff explains that she has no income and

21   that her housing expenses are paid by Caucus Por Causa housing.  The Court thus finds that

22   Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma*

23   *pauperis*.

24            ***B.        Plaintiff's complaint does not pass the Court's screening.***

25        Plaintiff's complaint does not meet the basic requirements to pass screening.  When a

26   plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint.  *See*

27   28 U.S.C. § 1915(e).  For social security appeals, judges in this district consider four

28   requirements for complaints to satisfy screening.  *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121,

1   *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that

2   administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the

3   application within 60 days after notice of the Social Security Commissioner's final decision. *See*

4   *id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.*

5   Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff

6   claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and

7   concise statement identifying the nature of the plaintiff's disagreement with the determination

8   made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

9          Here, Plaintiff's complaint only satisfies the second and third requirements. Regarding

10   the second requirement, Plaintiff provides her address which shows that she lives in the

11   jurisdictional bounds of this Court. (ECF No. 3-1 at 2). Regarding the third requirement,

12   although Plaintiff does not provide the date she became disabled, the form she submitted does not

13   require that information and Plaintiff otherwise explains that she has chronic obstructive

14   pulmonary disease and requires oxygen. (*Id.* at 3).

15          Plaintiff does not satisfy the first requirement because she leaves the question blank

16   asking when she received notice that the Commissioner's decision was final. (*Id.*). She also does

17   not attach a copy of the Commissioner's final decision and a copy of the notice she received that

18   her appeal was denied from the Social Security Appeals Council. (*Id.*). She does not satisfy the

19   fourth requirement because she checks the box stating that "[t]he Commissioner found certain

20   facts to be true, but those facts are not supported by substantial evidence." (*Id.* at 3). But

21   Plaintiff then includes a sentence that is not responsive to the prompt, that she "does not have the

22   physical ability to perform even sedentary work due to chronic COPD – claimant's [sic]

23   frequently short of breath is on oxygen 24 hours a day." (*Id.*). Because Plaintiff's complaint does

24   not meet each of these requirements, it does not satisfy screening and the Court dismisses

25   Plaintiff's complaint without prejudice and with leave to amend.

26          **C.     *Plaintiff's motion for appointment of counsel.***

27          Plaintiff has filed a motion for appointment of counsel. (ECF No. 7). Under 28 U.S.C.

28   § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford

1   counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional

2   circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  "When determining

3   whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the

4   merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

5   complexity of the legal issues involved.'"  *Id.*  "Neither of these considerations is dispositive and

6   instead must be viewed together."  *Id.*

7           Here, Plaintiff has not demonstrated exceptional circumstances.  Regarding the merits of

8   Plaintiff's claims, Plaintiff's complaint has not yet passed screening, which is a relatively low

9   threshold, so it is unclear if her claims have merit.  Regarding Plaintiff's ability to articulate her

10  claims pro se, Plaintiff has only tried once.  While the Court has dismissed Plaintiff's complaint,

11  it has provided an explanation about how Plaintiff may amend her complaint and Plaintiff has yet

12  to attempt to file an amendment.  Additionally, the only reason Plaintiff gives for needing counsel

13  is that she has no income.  The Court thus denies Plaintiff's motion for appointment of counsel.

14          **D.       *Plaintiff's motion "for supplemental claim."***

15          Plaintiff's motion "for supplemental claim" states only that she "need[s] to motion

16  supplemental security income claim[] (Title XVI [sic] claim type for the social security

17  administration jurisdiction."  (ECF No. 8).  It appears that Plaintiff is moving to amend her

18  complaint to check the box for supplemental security income on page two, instead of disability

19  insurance benefits.  However, because the Court has dismissed Plaintiff's complaint without

20  prejudice and with leave to amend, the Court denies Plaintiff's motion "for supplemental claim"

21  as moot.

22          **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

23  *pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made.

24  At this time, Plaintiff shall not be required to pay the filing fee.

25          **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

26  conclusion without the necessity of prepayment of any additional fees or costs or the giving of

27  security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the

28  issuance of subpoenas at government expense.

1    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the

2    complaint (ECF No. 3-1) but shall not provide notice of this action to the Commissioner pursuant

3    to Rule 3 of the Supplemental Rules for Social Security.

4    **IT IS FURTHER ORDERED** that the complaint (ECF No. 3-1) is **dismissed without**

5    **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

6    Plaintiff will have until **March 28, 2024** to file an amended complaint if the noted deficiencies

7    can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

8    cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

9    complete.  This is because, generally, an amended complaint supersedes the original complaint.

10   Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

11   prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

12   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

13   each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**

14   **comply with this order will result in the recommended dismissal of this case.**

15   **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF

16   No. 7) is **denied without prejudice.**

17   **IT IS FURTHER ORDERED** that Plaintiff's motion for supplemental claim (ECF No.

18   8) is **denied as moot.**

19   **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail a copy of

20   this order to Plaintiff along with a copy of the Form Complaint for Review of a Social Security

21   Disability or Supplemental Security Income Decision.[1]

22

23   DATED: February 27, 2024

24   _____

25   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

26

27   [1] This form can also be found online at https://www.uscourts.gov/forms/pro-se-forms/complaint-
     review-social-security-decision

28