**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Beverly B., | Case No. 2:23-cv-01234-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley,[1] Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff's amended complaint. (ECF No. 12). The Court screens Plaintiff's amended complaint because she is proceeding *in forma pauperis* under 28 U.S.C. § 1915. The Court finds Plaintiff has met the requirements for screening.

**Discussion**

**I.    Plaintiff's complaint passes screening.**

Plaintiff has met the requirements for screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, No. 2:25-cv-00106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within sixty days after notice of the Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted as a party. (ECF No. 15).

become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff has met the requirements for screening. Regarding the first requirement, Plaintiff explains that she received notice that the Commissioner's decision was final on June 7, 2023. (ECF No. 12 at 3). She initiated this action sixty days later. Regarding the second requirement, Plaintiff provides her address which shows that she lives in the jurisdictional bounds of this Court. *Id.* at 2. Regarding the third requirement, although Plaintiff does not provide the date she became disabled, the form she submitted does not require that information and Plaintiff otherwise explains that she has pulmonary bilateral embolism and attaches records showing that she has depression, bi-polar, and schizophrenia. *Id.* at 3, 6. Regarding the fourth requirement, Plaintiff checks the box that the Commissioner's decision was based on legal error and elaborates that her "medical records for [her] pulmonary bilateral embolism [weren't] considered when the [Commissioner] made a decision on [her] claim." *Id.* at 3. Liberally construing her complaint, the Court finds that Plaintiff has met the requirements for screening.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 12) will proceed as the operative complaint. Because the Commissioner already has notice of this action, the answer and any motion brought under Rule 4 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) shall be due within sixty days from the date of this order.

DATED: September 12, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE