# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Beverly B., | Case No. 2:23-cv-01234-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Frank Bisignano,[1] Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Beverly B.'s motion for appointment of counsel. (ECF No. 24). The Court finds that Plaintiff has not demonstrated exceptional circumstances and so denies her motion without prejudice. This means that Plaintiff will have another chance to file her motion and explain why the Court should appoint her counsel.

The Court further notes that Plaintiff's brief is overdue. However, it is unclear if Plaintiff received a copy of the certified administrative record. So, the Court will further order Plaintiff to file a status report explaining whether she received a copy of the certified administrative record.

**I.   Discussion.**

    ***A.   Plaintiff's motion for appointment of counsel.***

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to

---

[1] Frank Bisignano is now the Commissioner of Social Security and substituted as a party.

articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because Plaintiff has not demonstrated exceptional circumstances. Plaintiff asserts that she has a limited education and does not understand what is happening in her case. However, Plaintiff's limited education is a situation that many pro se litigants face. And, as outlined below, it may be that Plaintiff does not understand the status of her case because she has not been receiving filed documents by email. Regarding the likelihood of success on the merits, Plaintiff's case has passed screening, but Plaintiff has not taken any further action in this case since that time, so it is unclear if she will succeed on the merits. Regarding Plaintiff's ability to articulate her claims pro se, again, Plaintiff's case has passed screening, indicating some ability to articulate her claims. But the Court lacks further insight into her ability to articulate her claims because she has not filed anything further into this case other than her motion for appointment of counsel. The Court will therefore deny Plaintiff's motion for appointment of counsel without prejudice, meaning Plaintiff may re-file a motion for appointment of counsel if she can further demonstrate the exceptional circumstances she faces.

### B.     *Plaintiff's brief is overdue.*

The Court notes that Plaintiff's brief is overdue. Title XIV of the Federal Rules of Civil Procedure outlines the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).[2] Under Rule 6 of that Title, "[t]he plaintiff must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c), whichever is later." Under Rule 4(b), an "answer may be limited to a certified copy of the administrative record…" In this case, the Commissioner filed the certified copy of the administrative record on September 18, 2024. (ECF No. 18). But Plaintiff has not yet filed her brief.

---

[2] These rules can be found online at https://www.law.cornell.edu/rules/frcp/supplemental-rules-for-social-security-actions-under-42-U.S.C.-405-g.

However, it is unclear if Plaintiff received a copy of the certified administrative record, whether via mail or email. The Commissioner filed a certificate of service on September 18, 2024, explaining that he served a copy of the administrative record on Plaintiff at her address via mail. (ECF No. 20). On October 11, 2024, the Commissioner filed a notice that "[a]fter multiple attempts to deliver the Certified Administrative Record to Plaintiff's address, UPS returned the package as undeliverable." (ECF No. 21). Indeed, in Plaintiff's most recent motion, on the address line, Plaintiff wrote "no address." (ECF No. 24). While Plaintiff filed a consent for electronic service of documents on June 3, 2024—before the Commissioner filed the certified administrative record on the docket—on April 30, 2025, Plaintiff filed a notice of change of email address. (ECF Nos. 14, 23). So it is not clear if Plaintiff received the certified administrative record by email. The Court will therefore require Plaintiff to file a status report within forty-five days explaining whether she has received a copy of the certified administrative record and, if she has, explaining the method by which she received it. The Court will further send Plaintiff a copy of the non-public docket sheet so that she may refer to the items the Court has referenced in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 24) is **denied without prejudice and with leave to refile.**

**IT IS FURTHER ORDERED** that, on or before September 26, 2025, Plaintiff must file a status report explaining whether she received the certified administrative record, and if so, the method by which she received it.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order and a copy of the non-public docket sheet to Plaintiff at her address and at her email addresses: (1) ms.bevblanch@gmail.com; and (2) ms.bevvb@gmail.com.

DATED: August 12, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE