**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Beverly B., | Case No. 2:23-cv-01234-JAD-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Frank Bisignano, Commissioner of Social Security, | |
| Defendant. | |

On August 12, 2025, the Court noted that Plaintiff Beverly B.'s brief was overdue. (ECF No. 25). However, the Court also noted that it was unclear whether Plaintiff had received a copy of the certified administrative record. (*Id.*). So, the Court ordered Plaintiff to file a status report on or before September 26, 2025, explaining whether she received a copy of the certified administrative record. (*Id.*).

Plaintiff filed a status report on September 10, 2025, along with a consent for electronic service of documents. (ECF Nos. 27, 28). However, she did not inform the Court whether she received a copy of the certified administrative record. So, on October 3, 2025, the Court ordered the Commissioner to send Plaintiff a copy of the certified administrative record by email given Plaintiff's consent to electronic service of documents. (ECF No. 29). The Court further ordered Plaintiff to file a status report on or before October 31, 2025, regarding whether she received the certified administrative record from the Commissioner. (*Id.*). The Court informed Plaintiff that if she "fails to timely comply with the requirements in this order, the Court may recommend dismissal of this action without prejudice." (*Id.*). Plaintiff has missed the deadline to file her status report. The Court therefore recommends dismissal of this case without prejudice.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to

dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with this Court's orders, the Court recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's repeated failure to comply with this Court's orders impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with this Court's orders or prosecute this action. The third factor weighs in favor of dismissal because the Commissioner is prejudiced by expending resources to continue defending this case while Plaintiff does not comply with her obligations to prosecute it. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, the Court has no less drastic sanctions when Plaintiff has not complied with this Court's orders. And given Plaintiff's *in forma pauperis* status, monetary sanctions are not practical. Nor are other non-monetary sanctions an option if Plaintiff chooses not to follow Court orders. The fifth factor weighs in favor of dismissal. The Court thus recommends dismissing Plaintiff's case without prejudice. A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.** The Clerk of Court is kindly directed to **email** Plaintiff a copy of this recommendation at her email address, **mrs.bblanch@gmail.com**.

///

///

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: November 6, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE